UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEE CHA, | No. 2:13-cv-0179 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further proceedings.

BACKGROUND

In a decision dated May 24, 2011, the ALJ determined plaintiff was no longer disabled and that her disability ceased on March 1, 2009.[1] Administrative Transcript ("AT") 18. The

---

[1] Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A).

1

ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The most favorable medical decision finding that the claimant was disabled is the determination dated July 26, 2001.  This is known as the "comparison point decision" or CPD.
>
> 2.  At the time of the CPD, the claimant had the following medically determinable impairments:  fracture of the hip and depression.  These impairments were found to result in the residual functional capacity to perform a very narrow range of sedentary work activity.
>
> 3. The medical evidence establishes that the claimant did not develop any additional impairments after the CPD through March 1, 2009.  Thus, the claimant's current impairments are the same as the CPD impairments.
>
> 4. Since March 1, 2009, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. Medical improvement occurred as of March 1, 2009.
>
> 6.  Beginning on March 1, 2009, the claimant's impairments in combination has not caused more than a minimal impact on the claimant's ability to perform basic work activities. Therefore, the claimant no longer has a severe impairment or combination of impairments.
>
> 7.  The claimant's disability ended on March 1, 2009, and the claimant has not become disabled again since that date.

AT 11-17.

ISSUES PRESENTED

Plaintiff contends that she was not properly apprised of her right to representation during the administrative proceedings, the record was not properly developed, and the ALJ committed error in finding that plaintiff's impairments are not severe.  Plaintiff's first two contentions are intertwined and dispositive.

---

In this case, plaintiff's disability benefits were terminated pursuant to a continuing disability review (CDR).  This type of review is routinely conducted by the Commissioner to determine whether an individual is still disabled. A seven-step sequential process is used in the CDR.  20 C.F.R. § 416.994.

2

## LEGAL STANDARDS

When previously granted benefits are terminated by the Commissioner, the burden of proof ordinarily shifts.  Rather than resting on a current recipient of disability benefits to prove that he or she is disabled, the burden rests on the Commissioner to prove that the applicant is no longer disabled.  "Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in [his] favor[, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." Bellamy v. Secretary of Health & Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985); see also Saltzman v. Apfel, 125 F. Supp. 2d 1014 (C.D. Cal. 2000) (same).  This evidence then is reviewed under the substantial evidence standard. Saltzman, 125 F. Supp. 2d at 1019 (citing Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983)).

Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

ANALYSIS

Plaintiff contends that she was not properly apprised of her right to representation. Although there is no constitutional right to counsel at a social security disability hearing, a claimant has a statutory and regulatory right to be represented should she choose to obtain counsel. See 42 U.S.C. § 406; 20 C.F.R. § 416.1505. If properly informed of this right, a claimant may waive it. Even if the waiver is deficient, however, plaintiff must demonstrate prejudice or unfairness in the proceedings in order to obtain a remand. Hall v. Secretary of Health, Educ. & Welfare, 602 F.2d 1372, 1378 (9th Cir. 1979). The dispositive factor is whether without the representation, the ALJ met his burden "to conscientiously and scrupulously probe into, inquire of, and explore for all the relevant facts" in order to protect plaintiff's interest. Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981), quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). This duty includes diligently ensuring that both favorable and unfavorable facts and circumstances are elicited at hearing. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). The ALJ must fully and fairly develop the record, and when a claimant is not represented by counsel, an ALJ must be "especially diligent in exploring for all relevant facts." Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001).

The applicable statute and regulations state that, when notifying a claimant of an adverse determination, the Commissioner of Social Security must "notify [the] claimant in writing" of (1) her "options for obtaining [an] attorney[ ] to represent [her]" at her hearing, and (2) "the availability ... of ... organizations which provide legal services free of charge" to "qualifying claimants." 42 U.S.C. §§ 406(c), 1383(d)(2)(D); see also 20 C.F.R. § 415.1506. Defendant contends plaintiff received written notice of her right to representation in compliance with the regulations and that such written notice is all that is legally required. In support of this contention, defendant relies on Roberts v. Comm'r, 644 F.3d 931 (9th Cir. 2011) and Vidal v. Harris, 637 F.2d 710 (9th Cir. 1981). Defendant is correct that the record indicates that written notice of plaintiff's right to representation was provided to her. See AT 31-32, 55. In contrast to the cases relied on by defendant, however, plaintiff here was never represented by an attorney in any stage of the administrative proceedings or orally advised by the ALJ of her right to counsel.

4

See Roberts, 644 F.3d at 932 (Roberts represented by counsel in the initial stages of his agency appeal); Vidal, 637 F.2d at 714 (plaintiff provided written notice and also orally advised at hearing of right to counsel; even with oral advisement, court concluded serious question was raised as to whether right to counsel was knowingly waived at hearing in light of plaintiff's mental retardation and unfamiliarity with hearing procedure). Plaintiff cannot read, write or speak English and has received no formal education other than some ESL classes when she first immigrated to the United States from Laos. AT 115, 452-453, 455-456. The subject of representation was never raised at plaintiff's hearing before the ALJ. AT 450-473. The ALJ made no effort to ensure that plaintiff understood her right to counsel. See generally HALLEX I–2–6–52.[2] Under these circumstances, the court cannot find that plaintiff knowingly waived her right to representation.

At the hearing, plaintiff acknowledged that neither she, nor anyone on her behalf, had even looked at the exhibits on which the disability decision would be based. AT 453. Plaintiff alleged she had both physical and mental impairments. In concluding that plaintiff did not have any mental impairment, the ALJ relied on the opinions of an examining psychiatrist and an examining psychologist. AT 14, 333-336 (June 2009 psychological examination), 371-375 (January 2009 psychiatric evaluation). The ALJ discounted plaintiff's claim of mental impairment in large part because of the opinions of the examining mental health consultants that plaintiff was malingering. At the hearing, the ALJ asked one question about this subject, failing to explore other possible explanations for plaintiff's difficulties and apparent lack of cooperation at the psychological examinations, such as plaintiff's illiteracy, lack of acculturation, and minimal

---

[2] The Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), states that the ALJ "should ensure on the record" that an unrepresented claimant "has been properly advised of the right to representation and ... is capable of making an informed choice about representation," and lists several questions that an ALJ may wish to ask the claimant in order to accomplish this. Although HALLEX provides recommended procedures for the ALJ in conducting hearings, it does not "carry the force of law and [is] not binding upon the agency." Parra v. Astrue, 481 F.3d 742, 749 (9th Cir. 2007). Thus failure to comply with the recommended procedure is not, in and of itself, a sufficient basis for remand. Here, however, the court concludes that in the absence of an oral advisement by the ALJ at the hearing regarding the right to representation, plaintiff was not meaningfully advised and could not knowingly waive that right.

communication skills. AT 458. The ALJ made no attempt to obtain a mental residual functional capacity assessment from plaintiff's treating mental health practitioner, who treated plaintiff in 2009 and diagnosed plaintiff with major depression, severe with psychosis and chronic PTSD. AT 257, 260, 264. The ALJ completely glossed over the treating psychiatrist's observations that plaintiff had decreased psychomotor activity, was tearful, had perseverative speech, and suffered from auditory hallucinations and nightmares. AT 14, 268. The ALJ also relied on the assessment of an orthopedic evaluation in which the physician failed to recognize plaintiff's major complaint of hip pain and to whom no medical records were provided. AT 13, 367-370 (January 2009 orthopedic evaluation). There were no hypotheticals posed to the vocational expert which included physical limitations pertaining to plaintiff's hip, despite the findings on orthopedic examination of decreased range of motion in the right hip and reduced muscle strength of the right iliopsoas. AT 288-289 (September 2010 orthopedic evaluation), 467. Given plaintiff's lack of review of the exhibits, there was no meaningful opportunity afforded to plaintiff to cross-examine the vocational expert. AT 471 (plaintiff declined to pose any hypotheticals). In light of plaintiff's pro se status and unknowing waiver of her right to representation, the court concludes the ALJ failed in his duty to scrupulously probe into, inquire of, and explore all the relevant facts. The matter will therefore be remanded.

CONCLUSION

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied; and

3. This matter is remanded for further proceedings consistent with this order.

Dated: February 7, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 cha0179.cdr.ss