UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEE CHA,<br><br>         Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>         Defendant. | No. 2:13-cv-0179 CKD<br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $4,722.25 based on 25.25 hours at the rate of $187.02 per hour for attorney time. No opposition has been filed.

A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for reinstatement of plaintiff's benefits. ECF No. 30.

1

1  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award

2  unless it finds that the position of the United States was substantially justified.  Flores v. Shalala,

3  49 F.3d 562, 568-69 (9th Cir. 1995).

4        The burden of establishing substantial justification is on the government.  Gutierrez v.

5  Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the

6  Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that

7  is, justified to a degree that could satisfy a reasonable person.  That is no different from the

8  'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast

9  majority of other Courts of Appeals that have addressed this issue.  Id. at 565.  A position does

10 not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930

11 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d

12 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

13       In determining substantial justification, the court reviews both the underlying

14 governmental action being defended in the litigation and the positions taken by the government in

15 the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other

16 grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action

17 was not substantially justified, it is unnecessary to determine whether the government's litigation

18 position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

19 Defendant has filed no opposition to the pending motion for fees.  The court finds the position of

20 the United States was not substantially justified.  Fees under the EAJA will therefore be awarded.

21       B.  Reasonable Fee

22       The EAJA directs the court to award a reasonable fee.  In determining whether a fee is

23 reasonable, the court considers the hours expended, the reasonable hourly rate, and the results

24 obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S.

25 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Plaintiff here obtained a remand

26 reinstating her benefits.  With respect to plaintiff's counsel's time reviewing the transcript,

27 briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of

28 hours, the court has determined the hours claimed are reasonable.  The rate claimed is also

reasonable. Plaintiff will therefore be awarded the full amount requested. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

   Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $4,722.25.

Dated: April 22, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

cha.eaja